FLYNN, J., concurring in part and dissenting in part.
I concur with the majority in affirming all of the judgment *296 with the exception of the award of $150,000 in punitive damages against both counterclaim defendants, which the trial court found justified by the counterclaim defendants' reckless conduct. A person acts recklessly with respect to a result when he is aware of and consciously disregards a substantial and unjustifiable risk that such a result will occur. Ulbrich v. Groth , 310 Conn. 375, 447, 78 A.3d 76 (2013). The purpose of an award of punitive damages is to deter a defendant and others from similar conduct, without financially destroying the defendant. Id., at 454, 78 A.3d 76. The trial court has wide discretion in determining whether to award punitive damages and in determining their amount. However, the record does not support a finding that the counterclaim defendants Luongo Construction and Development LLC or Michael Luongo individually were aware that a substantial risk existed that the unsatisfactory results of construction and losses to the counterclaimant, James MacFarlane, would occur as a result of the manner of construction and the LLC's incomplete compliance with General Statutes § 20-417d. Accordingly, I would reverse that part of the judgment awarding $150,000 in punitive damages.